UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REEHAN MALIK,

Plaintiff,

v.

CITIBANK, N.A. and BEST BUY STORES, L.P.[1],

Defendants.

Case No. 1:26-cv-04627-HBK

ORDER DIRECTING PLAINTIFF TO RETURN CONSENT/DECLINE FORM;

ORDER VACATING HEARING DATE AND DISREGARDING AS MOOT MOTION TO APPEAR BY REMOTE MEANS

(Doc. 9)

Defendant Citibank, N.A. removed this action from Fresno County Superior Court on June 12, 2026. (Doc. 1). This case is presently assigned to a United States Magistrate Judge for pretrial proceedings. Two potentially dispositive motions are pending: on June 24, 2026, Defendants filed a Motion to Compel Arbitration and Stay Action, noticed for hearing on July 31, 2026, at 1:00 p.m; and on July 15, 2026, pro se Plaintiff filed a Motion to Remand. (Doc. 10).

Plaintiff has not returned the “Consent to / Decline of Jurisdiction of United States Magistrate Judge” form, and the record therefore does not reflect unanimous, voluntary consent by all parties as required for a magistrate judge to exercise case-dispositive jurisdiction under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. To ensure that any dispositive motions

[1] In its Answer, Defendant Best Buy Stores L.P. states it was incorrectly named in the complaint as Best Buy Co., Inc. (Doc. 4 at 2).

are heard by a judicial officer with proper jurisdiction and that the case proceeds timely before the appropriate court, Plaintiff must return the form.

Plaintiff's Motion to Remand challenges the Court's subject matter jurisdiction and must be resolved before the Court may address Defendants' Motion to Compel Arbitration or otherwise proceed to the merits. In light of the pending Motion to Remand, and to avoid expending judicial and party resources on matters that may be beyond the Court's power to adjudicate, the Court finds good cause to vacate the presently scheduled hearing on Defendants' Motion to Compel Arbitration. The Motion to Compel Arbitration will be held in abeyance and not be reset for hearing unless and until the Court determines that it has subject matter jurisdiction over this action following resolution of Plaintiff's Motion to Remand.

Accordingly, IT IS ORDERED:

1. Plaintiff shall complete, sign, and file the "Consent to / Decline of Jurisdiction of United States Magistrate Judge" form within ten (10) days of the date of this Order. Plaintiff may consent or withhold consent without adverse substantive consequences. However, failure to timely file the form may result in reassignment of this action to a District Judge for all case-dispositive matters.
2. If Plaintiff timely files a consent form and all parties consent, the pending dispositive motions will remain on calendar before the assigned Magistrate Judge, subject to further order of the Court.
3. If Plaintiff timely files a declination, or fails to file the required form within the time allowed, the Clerk of Court is directed to promptly reassign this action to a United States District Judge for all case-dispositive proceedings. The hearing on the pending dispositive motions will then be reset before the District Judge for hearing or otherwise adjusted by further order.
4. The hearing on Defendants' Motion to Compel Arbitration, set for Friday, July 31, 2026, is VACATED.
5. Defendants' Ex Parte Motion to Appear by Remote Means at the July 31, 2026 hearing (Doc. 9) is DISREGARDED AS MOOT.

6. The Clerk of Court shall serve a copy of this Order and a blank "Consent to / Decline of Jurisdiction of United States Magistrate Judge" form on Plaintiff at his/her address of record as well as by email at: Reehanmalik@hotmail.com.

Dated: July 27, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE