UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REEHAN MALIK,

Plaintiff,

v.

CITIBANK, N.A. and BEST BUY STORES, L.P.,

Defendants.

Case No. 1:26-cv-04627-HBK

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A BELATED REPLY AND SURREPLY

(Doc. 25)

Plaintiff's filed a "Motion for Leave to File a Surreply" on August 17, 2026. (Doc. 25). He seeks leave to respond to Defendants' reply in support of their motion to compel arbitration and stay this action, (Doc. 15) and their opposition to his motion to remand (Doc. 19). (Doc. 25 at 2). Plaintiff notes that Defendants filed these briefs two days apart and contends they contain arguments and factual assertions raised for the first time." (*Id.*). Plaintiff also submitted a proposed 17-page response, which he labels a surreply. (Doc.26).

Surreplies are not permitted as a matter of course under the Federal Rules of Civil Procedure or this Court's Local Rules. A party mut obtain leave of Court before filing one. *See Garcia v. Biter*, 195 F.Supp.3d 1131, 1133–34 (E.D. Cal. July 18, 2016); *see also* E.D. Cal. L.R. 230(m) (providing that, after a reply is filed, no additional memoranda, papers, or materials may be filed without court approval). Whether to permit a surreply rests within the Court's discretion. *See Garcia*, 195 F.Supp.3d at 1134. Leave to file a surreply is typically granted only where the

reply brief raises new arguments or presents new factual matters that the opposing party has not had a fair opportunity to address, and where a limited further response will assist the Court in resolving the motion on a clear and accurate record. *Warren v. City of Chico*, No. 2:21-cv-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024); *Hill v. England*, No. CVF05869-REC-TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005). In exercising its discretion, the Court may consider Plaintiff's pro se status and the obligation to construe his submission liberally. *See Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024).

To the extent Plaintiff seeks leave to respond to Defendants' opposition to his motion to remand, the Court construes his request as one for leave to file a belated reply, rather than a surreply.[1] Plaintiff does not expressly explain why he failed to file a timely reply. He does, however, emphasize that Defendants filed their opposition to remand and their reply in support of arbitration within two days of each other. (Doc. 25 at 2). Liberally construed, his motion suggests that receiving both filings in a short period, coupled with his perceived need to prepare a surreply on arbitration, delayed his reply on remand.

Given Plaintiff's pro se status and in the interests of justice, the Court will accept and consider his belated reply. *See Gahano v. Langford*, No. C20-5451 MJP-MLP, 2021 WL 666027, *1 (W.D. Wash. Jan. 27, 2021) (accepting late-filed reply despite a "limited record of support" for doing so). Plaintiff is cautioned, however, that his pro se status does not excuse compliance with the Court's procedural rules. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir.1997).

As to the motion to compel arbitration, the Court disagrees with Plaintiff's contention that Defendants' reply raises new arguments. Nevertheless, in light of Plaintiff's pro se status and in the interests of justice, the Court will consider his proposed surreply when ruling on that motion. .

Accordingly, IT IS ORDERED:

1. Plaintiff's motion for leave to file a surreply concerning Defendants' motion to

[1] Under Local Rule 230, a reply is due ten days after the opposition is filed. Defendants filed their opposition to remand on July 29, 2026. Plaintiff filed his motion for leave on August 17, 2026, after the reply deadline.

compel arbitration (Doc. 25) is GRANTED.

2. Plaintiff's motion, construed as requesting leave to file a belated reply concerning his motion to remand (Doc. 25), is GRANTED.

3. The Court will consider Document 26 as Plaintiff's reply in support of his motion to remand and as his surreply concerning Defendant's motion to compel arbitration.

Dated: October 13, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE