UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEHAN MALIK,<br>Plaintiff,<br>v.<br>CITIBANK, N.A. and BEST BUY CO. INC.,<br>Defendants. | Case No. 1:26-cv-04627-HBK<br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND[1]<br>(Doc. 10) |

Plaintiff moves to remand this action to Kern County Superior Court. (Doc. 10). Defendant Citibank opposes the motion, and Plaintiff filed a reply, which the Court accepted despite its untimeliness. (Docs. 19, 26, 31). For the reasons below, the Court denies the motion.

I. BACKGROUND

Plaintiff Reehan Malik filed this action in Kern County Superior Court on March 11, 2026, naming Best Buy Co., Inc., and Citibank, N.A., as defendants. (Doc. 1 at 7). The complaint alleges that Plaintiff purchased $1,579.95 in household goods from a Best Buy store in November 2018 through an 18-month, interest-free Citibank/Best Buy promotional credit account. (*Id.*at 11). According to Plaintiff, Defendants imposed unauthorized charges and interest, withheld account statements, rejected his billing disputes, and improperly accessed

[1] The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1). (Doc. 18).

personal information belonging to him and is family. (*Id.* at 11–15).

The complaint asserts 60 causes of action under state and federal law. (*Id.* at 17–160). Among them is a claim under the Electronic Fund Transfer Act ("EFTA"), alleging that Citibank violated 15 U.S.C. § 1693f and seeking statutory damages under 15 U.S.C. § 1693m(a). (*Id.* at 106–110). The prayer for relief also seeks statutory damages under EFTA, and reserves "all relief available under federal law." (*Id.* at 160–64).

On June 12, 2026, Citibank removed the action to this Court, asserting federal question jurisdiction based on the federal statutory claim. (Doc. 1 at 4). The notice of removal states that Citibank was served on May 13, 2026, and Best Buy consented to removal. (*Id.* at 2, 4–5). The attached proofs of service are dated May 13, 2026, and were filed in state court on May 21, 2026. (*Id.* at 191–94).

Plaintiff contends remand is required because Defendant Citibank (1) failed to adequately establish federal question jurisdiction, (2) did not timely remove this action, (3) did not obtain the consent of all Defendants prior to removal, and (4) removed the case after its time to answer the complaint lapsed in an attempt to avoid default. (Doc. 10). As to jurisdiction, Plaintiff contends that the complaint invokes federal statutes only as a background or as standards supporting his state-law claims. (*Id.* at 2-8). He maintains that the Court must consider the complaint as a whole and that the action would remain viable without the references to federal law. (*Id.*). In particular, he argues that his complaint mentioned federal statutes only "to show violations of law across the legal spectrum," and removal of those references "will not make any difference to the whole package" of his complaint. (*Id.* at 8). Moreover, California laws "incorporate or refer to federal standards," meaning his claims arise exclusively under California law. (*Id.*). He cites multiple cases where a plaintiff's references to federal law were insufficient to establish federal question jurisdiction. (*Id.* at 4–5). As to timeliness, Plaintiff contends that Citibank's deadline to remove and answer expired on June 11, 2026, one day before removal. (*Id.* at 9–11). He also states he did not learn of the removal until June 15, 2026, because Citibank did not notify him by email. (*Id.* at 11–12). As to consent, he argues that Best Buy neither signed the notice of removal nor independently submitted its consent. (*Id.* at 13–15).

Defendant Citibank opposed the motion on July 29, 2026, arguing that complaint expressly asserts federal claims, removal was timely, and notice adequately established Best Buy's consent. (Doc. 19 at 3–5). Citibank also states that the same counsel represents both defendants. (*Id.* at 5).

Plaintiff filed a construed reply on August 17, 2026, which the Court accepted. (Docs. 26, 31). The reply reiterates Plaintiff's jurisdictional and default arguments and includes a chart counting May 13, 2026, the date of service, as the first say of the 30-day removal period. (Doc. 26 at 8-9, 12, 16).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a state-court action over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a). A notice of removal must be filed within 30 days after service of the complaint, and all properly joined and served defendants must join in or consent to removal. 28 U.S.C. § 1446(b).

Subject-matter jurisdiction may rest on diversity or federal question. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when a federal question appears on the face of the properly pleaded complaint. 28 U.S.C. § 1331; *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). Under this well-pleaded complaint rule, the complaint must "affirmatively allege a federal claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III. DISCUSSION

### A. Federal Question Jurisdiction

Plaintiff's characterization of the complaint is inconsistent with its allegations and requested relief. The complaint does not merely refer to federal law as background for state-law claims. It expressly asserts a claim under EFTA, alleges that Citibank violated 15 U.S.C. § 1693f, and seeks statutory damages under 15 U.S.C. § 1693m(a). (Doc. 1 at 106–110). The prayer for relief separately requests statutory damages under EFTA. (*Id.* at 160–64).

That claim is sufficient to establish federal-question jurisdiction. *See Carey v. Maricopa Cnty.*, 602 F. Supp. 2d 1132, 1136 (D. Ariz. 2009) ("One federal claim is sufficient to support federal court jurisdiction over a case involving both federal and state law claims."). Whether Plaintiff's state-law claims could proceed without references to federal law does not alter the fact that the complaint expressly seeks relief under a federal statute. The Court therefore need not address the complaint's other federal claims.

B. Consent to Removal

Best Buy's failure to sign the notice of removal or submit a separate consent does not render removal defective. A removing defendant may establish another defendant's consent through an averment in the notice of removal signed by an attorney of record; separate consent documents are not required. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

Here, Citibank's notice of removal expressly states Best Buy consented to removal, and Citibank's counsel signed the notice. (Doc. 1 at 4-5). That representation satisfies the consent requirement under *Proctor*. Moreover, Best Buy is represented by the same counsel and has not objected to removal. (Doc. 19 at 5).

C. Timeliness and Alleged Avoidance of Default

Plaintiff's timeliness and default arguments rest on the same calculation error: he counts the date of service as the first day of the applicable 30-day period. (Doc. 26 at 16).

The parties agree that Citibank was served on May 13, 2026. Under Federal Rule of Civil Procedure 6(a)(1)(A), the day that triggers a statutory period is excluded from the calculation. California law likewise excludes the first day when computing a deadline. Cal. Civ. Proc. Code § 12 ("The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded.").

Accordingly, the 30-day removal period began on May 14, 2026, and ended on June 12, 2026. See 28 U.S.C. § 1446(b). Citibank filed its notice of removal on June 12, 2026, within that period. Plaintiff's statement that he learned of the removal on June 15, 2026 does not change the

date on which Citibank filed the notice.[2]

Plaintiff's argument that Citibank removed the action after its deadline to answer had expired fails for the same reason. Applying the 30-day response period identified by the parties, the deadline was June 12, 2026, not June 11. *See* Cal. Civ. Proc. Code §§ 12, 412.20(a)(3). Thus, Plaintiff has not established that Citibank removed the action after its response deadline to avoid default.

## IV. CONCLUSION

The complaint establishes federal question jurisdiction, Citibank adequately established Best Buy's consent, and the notice of removal was timely.

Accordingly, IT IS ORDERED:

Plaintiff's motion to remand (Doc. 10) is DENIED.

Dated: October 14, 2026

*Helena M. Barch-Kuchta*

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff was not authorized to receive service by electronic means until August 18, 2026. (Doc. 27).